UNITED STATES of America

v.

Roberto LARGAN, a/k/a Benito Fua, Nicetas Suanes, et al., Defendants.

No. 70 Cr. 677.

United States District Court,
S. D. New York.

July 20, 1971.

Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., by Charles B. Updike, Asst. U. S. Atty., New York City, for the United States.

Jay H. Topkis, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, Paul R. Verkuil, New York City, of counsel, for defendant Benito Lee.

CANNELLA, District Judge.

On August 21, 1970, seven-count indictment number 70 Cr. 677 was filed in this District Court, charging the above-named residents of the Republic of the Philippines with violations of 21 U.S.C.

§§ 173, 174. The indictment was ordered sealed, and bench warrants were issued.

On or about October 28, 1970, a complaint for the provisional arrest of defendant Benito Lee was duly filed in Hong Kong at the behest of the United States Department of State. Defendant Lee was arrested shortly thereafter by the local police during what was apparently a visit to Hong Kong from the Philippines. Extradition proceedings ensued which the defendant challenged unsuccessfully, and on January 22, 1971 he was placed in the custody of agents of the Bureau of Narcotics and Dangerous Drugs. He was arraigned three days later before Judge Motley, who set bail in the amount of $250,000.00. On January 28, 1971, Judge Motley appointed Jay H. Topkis, Esq., as defendant Lee's counsel pursuant to the Criminal Justice Act of 1964, and the defendant pleaded not guilty to the two counts in the indictment naming him.[1] The case was then assigned to this court for trial.

The court decided the defendant's motions for a bill of particulars and for discovery and inspection on April 26, 1971. Three days later, Mr. Topkis applied ex parte to the court for financial assistance pursuant to Rule 17(b) of the Federal Rules of Criminal Procedure (FRCrP) and the Criminal Justice Act, as amended by Public Law 91–447, October 14, 1970, 18 U.S.C. § 3006A, contending that an effective defense to the charges in this case is "based on facts that must be established in the Philippines."[2] He argues:

> This case is rather unusual, since * * * it involves a man who is not in the United States voluntarily: rather, the United Staes reached out its long arm across half the world, picked him up against his will, and brought him here. It is particularly appropriate in these circumstances * * * for the Government to insure that his poverty will not deprive him of an effective defense.[3]

Mr. Topkis stated in his affidavit that co-defendant Suanes would present himself in Manila for the taking of his deposition on behalf of defendant Lee, whereupon the court directed Mr. Topkis to obtain a verified statement (and waiv-

---

1. The defendant, whose native tongue is apparently Tagalog, contends that his proper name is C. Lee Beng Joc.

2. A reading of Mr. Topkis's supporting affidavit, which was submitted to the court in confidence, leads the court to conclude that the application is also made pursuant to Rule 15, FRCrP, which reads, in pertinent part:

   Depositions

   (a) When Taken. If it appears that a prospective witness may be unable to attend or prevented from attending a trial or hearing, that his testimony is material and it is necessary to take his deposition in order to prevent a failure of justice, the court at any time after the filing of an indictment or information may upon motion of a defendant and notice to the parties order that his testimony be taken by deposition. * * *

   (c) Defendant's Counsel and Payment of Expenses. * * * If it appears that a defendant at whose instance a deposition is to be taken cannot bear the expense thereof, the court may direct that the expenses of travel and subsistence of the defendant's attorney for the attendance at the examination shall be paid by the goverment. * * *

   (d) How Taken. A deposition shall be taken in the manner provided in civil actions. * * *

   (e) Use. At the trial or upon any hearing, a part or all of a deposition, so far as otherwise admissible under the rules of evidence, may be used if it appears: * * * that the witness is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or that * * * the party offering the deposition has been unable to procure the attendance of the witness by subpoena. * * *

3. At the court's direction, the defendant filed an affidavit as to his financial status. On the basis of the information contained therein, the court finds at this time that the defendant is financially unable to pay the expenses of the procedure(s) his attorney proposes.

er of any constitutional rights [4]) to that effect from co-defendant Suanes.[5] The court also asked Mr. Topkis and the government to attempt to agree on the scope of any trip to the Philippines, and on June 17, 1971, they submitted a stipulation thereon.[6]

\* \* \*

It hardly requires repeating that every person in this country charged with a crime is entitled to attempt to prepare an effective defense. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). The Court of Appeals for the Second Circuit has held that where a defendant seeks to prepare a defense by moving pursuant to the provisions of Rule 15, FRCrP, the motion

> is addressed to the discretion of the trial court \* \* \* it is to be granted only in "exceptional situations" \* \* \* and \* \* \* the moving party has the burden of demonstrating the availability of the proposed witnesses and their willingness to appear \* \* \* the materiality of the testimony which it is expected they will give \* \* \* and that injustice will result if the motion is denied. \* \* \* [7]

■ The court finds that the circumstances of this case are clearly exceptional in view of the lengths to which the government has gone in order to bring the nonresident, alien defendant to these shores for trial, not to mention the seriousness of the charges against him or the government's motivation for pressing them in the first place. But even if the exceptional nature of the case were not clearly exposed by the government's actions, the present application of Mr. Topkis is itself exceptional. Relatively

few such applications are apparently made, and even fewer are ever granted.[8] Nevertheless, the court has concluded that the circumstances of this case require the granting of the motion. This court has already presided over the jury trial of four American citizens, the charges against whom were related to the charges herein, and the evidence adduced at that trial, when compared with the proposed defense outlined in the affidavit of Mr. Topkis, persuades the court that the evidence sought to be obtained in the Philippines *is* material to the case at bar. The affidavit sets forth not only the name of co-defendant Suanes, but also the names of witnesses who apparently are ready and willing to testify about the defendant's medical condition and as to his character and reputation.

■ Clearly, all of the defendant's prospective witnesses may be unable to attend or prevented from attending his trial; the court finds, however, that their proposed testimony is material and that it is therefore necessary to take their depositions in order to prevent a failure of justice. The court further finds that under the facts and circumstances of this case thorough depositions of co-defendant Suanes and the two medical witnesses taken in Manila by the defendant's attorney in the presence of, and subject to cross-examination by, the Assistant United States Attorney will be sufficient for purposes of the trial. Depositions may also be taken of two character witnesses. However, testimony as to a defendant's reputation is often the most crucial part of his defense in a criminal trial, and the court therefore hereby authorizes the defendant to bring here to New York at the time of

---

4. See United States v. Hayutin, 398 F.2d 944, 954 (2d Cir.), cert. denied, 393 U.S. 961, 89 S.Ct. 400, 21 L.Ed.2d 374 (1968), rehearing denied, 393 U.S. 1045, 89 S.Ct. 615, 21 L.Ed.2d 597 (1969).

5. The affidavit of co-defendant Suanes is appended hereto as Appendix I.

6. Appended hereto as Appendix II.

7. United States v. Whiting, 308 F.2d 537, 541 (2d Cir. 1962) (Marshall, J.), cert. denied, Crowe v. United States, 372 U.S. 909, 919, 83 S.Ct. 722, 9 L.Ed.2d 718 (1963).

8. See generally 2 Orfield, Criminal Procedure Under the Federal Rules 437–84, 569–602 (1966).

trial, at government expense,[9] two witnesses who are willing to testify in person as to his character. To quote from Edgington v. United States, 164 U.S. 361, 17 S.Ct. 72, 41 L.Ed. 467 (1896), "good character, when considered in connection with the other evidence in the case, may generate a reasonable doubt. * * * Proof of this kind may sometimes be the only mode by which an innocent man can repel the presumption arising from the" prosecution's case. 164 U.S. at 366–67, 17 S.Ct. at 74. See also Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948).

In view of the foregoing, Mr. Topkis —or his associate Paul R. Verkuil, Esq., standing in his stead—is hereby authorized to travel to the Republic of the Philippines and back at government expense[10] to seek out the prospective witnesses and to take their depositions. The expenses incurred in doing this shall not exceed the sums requested in Mr. Topkis's application, to wit, $1200.00 for travel and $300.00 for living expenses.

The sum of $500.00 has been requested for reporting and interpreting services. While the use of an interpreter, in general, clearly falls within the purview of 18 U.S.C. § 3006A(e),[11] the costs incurred in taking and transcribing depositions of an indigent defendant's witnesses have been held to be chargeable to appropriations for the Department of Justice.[12] There is thus a question of whether or not the cost of the services of an interpreter at the taking of a deposition qualifies as a deposition cost chargeable to the Department of Justice, but even if it does not, the court finds no need for a prior authorization for such services in this case in view of the total amount requested for both an interpreter and a reporter as compared with the provisions of 18 U.S.C. § 3006A (e) (3).

9. The Comptroller General of the United States has pointed out in his decision of August 27, 1959 that the "function of producing witnesses and evidence is not incident to maintaining a court but, rather, is typically a function of the Department [of Justice] under its paramount obligation to present the case to the court in seeking that justice be done." 39 Comp.Gen. 133, 137. His decision is clearly predicated upon Rule 17(b), FRCrP, which reads as follows:

Defendants Unable to Pay. The court shall order at any time that a subpoena be issued for service on a named witness upon an *ex parte* application of a defendant upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and that the presence of the witness is necessary to an adequate defense. If the court orders the subpoena to be issued the costs incurred by the process and the fees of the witness so subpoenaed shall be paid in the same manner in which similar costs and fees are paid in case of a witness subpoenaed in behalf of the government.

There is thus a question whether the costs incurred in bringing the character witnesses to this country to testify are to be borne by the Department of Justice or by the Administrative Office of the United States Courts since these witnesses are not subject to subpoenas issued pursuant to Rule 17. See 28 U.S.C. § 1783. Without attempting in any way to rule on this issue, suffice it to say for the present that the defendant is entitled to the physical presence of these witnesses at trial.

10. The court notes in passing that such travel does not fall within the purview of the Criminal Justice Act, as amended. The Comptroller General held in his decision of August 27, 1959 that the expenses for travel and subsistence of an attorney in connection with attendance at a deposition examination under Rule 15(c) for a defendant who cannot bear the expenses are properly payable from appropriations of the Administrative Office of the United States Courts. See 39 Comp.Gen. 133. See also 44 Comp.Gen. 749 (May 21, 1965).

11. See Guidelines for the Administration of the Criminal Justice Act, c. III, para. B.4 (1971). See also CJA Form 21.

12. See 39 Comp.Gen. 133, 136–37 (Aug. 27, 1959).

The attorneys for both sides are hereby directed to make the necessary arrangements for an interpreter and a reporter, and they are to proceed to the Philippines at the earliest possible date.

So ordered.

## APPENDIX I

REPUBLIC OF THE PHILIPPINES,  ⎫
CITY OF MANILA                 ⎬ S.S.
                               ⎭

### AFFIDAVIT

THAT I, NICETAS A. SUANES, 57 years of age, married, attorney-at-law and practitioner, and with law office at Suite 403 Doña Mercedes Building, Plaza Miranda, Quiapo, Manila, Philippines, after having been duly sworn, according to law, depose and say:

1. That I know personally Mr. C. Lee Beng Joc, of Calamba, Laguna, Philippines, for several years already, having been one of my clients;

2. That I am willing to testify for and in his behalf, by deposition, in connection with the case entitled, UNITED STATES OF AMERICA -v- ROBERTO LARGAN, a/k/l Benito Fua, et als., pending before the UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK, 70 CRIM. 677;

3. That I agree to waive any constitutional rights and/or privileges, during the taking of my deposition, and willingly will submit myself to any interrogation and/or cross-examination, relevant to his case, and for the purpose, I do hereby announce my willingness to appear in any deposition taking, to be done within the territorial jurisdiction of the City of Manila, at such place and time, as may be arranged in advance, at the convenience of the person to take charge of the deposition taking and of myself.

IN WITNESS WHEREOF, I signed my name this 21st day of May, 1971, in the City of Manila, Philippines.

NICETAS A. SUANES
Affiant

## APPENDIX II

United States District Court
Southern District of New York

United States of America,                    ⎫
               —v—                           ⎪
Roberto Largan, a/k/a Benito Fua             ⎪
Nicetas Suanes,                              ⎬ STIPULATION
Benito Lee, a/k/a Lee Van Hoc                ⎪  70 Cr. 677.
Ramon Fua, a/k/a Ramon Guiocji,              ⎪
                    Defendants.              ⎭

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, counsel to defendant C. Lee Beng-joc, indicted as Benito

Lee, a/k/a Lee Van Hoc and the United States of America, respectively, that depositions may be taken in the City of Manila, the Philippines, in accordance with the following understanding:

1) The exact times and places of the depositions shall be as agreed upon by counsel;

2) Defendant may call as witnesses and depose in his behalf:

a) Nicetas Suanes,

b) Any two persons chosen by defendant or his counsel (including Paul R. Verkuil, Esq.) to testify to the defendant's medical problems and his need, if any, to seek treatment outside the Philippines,

c) Any two persons chosen by defendant or his counsel (including Paul R. Verkuil, Esq.) to testify as to defendant's character and reputation,

d) No one else, except upon the consent of counsel for the United States of America which consent shall not be unreasonably withheld.

3) The United States of America may depose in its behalf:

a) One rebuttal witness of its choosing as to Nicetas Suanes,

b) One witness of its choosing in the area of defendant's medical problems and his need, if any, to seek treatment outside the Philippines,

c) No one else, except upon consent of counsel for the defendant (including Paul R. Verkuil, Esq.), which consent shall not be unreasonably withheld.

4) The depositions shall be conducted in accordance with the Federal Rules of Civil Procedure, as provided by Rule 15(d), Fed.R.Crim.P.

5) The depositions may be used by either party as set forth in Rule 15(e), Fed.R.Crim.P.

(s) Jay H. Topkis
_____
JAY H. TOPKIS, ESQ.
Attorney for the Defendant

WHITNEY NORTH SEYMOUR, JR.
United States Attorney for the Southern District of New York

By (s) Charles B. Updike
_____
CHARLES B. UPDIKE
Assistant United States Attorney